FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  JUL 2 5 2019  ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

18-cv-01317 (JFB) (GRB)

---

**SECURITIES AND EXCHANGE**
**COMMISSION,**

                    **Plaintiff,**

          **-against-**

**BEAUFORT SECURITIES LTD. and**
**PANAYIOTIS KYRIACOU a/k/a PETER**
**KYRIACOU,**

                    **Defendants.**

---

## [PROPOSED] JUDGMENT AS TO DEFENDANT PANAYIOTIS KYRIACOU

The Securities and Exchange Commission having filed a Complaint and Defendant

Panayiotis Kyriacou a/k/a Peter Kyriacou ("Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Judgment without admitting or denying the allegations of the Complaint

(except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to

appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with

the purchase or sale of any security:

     (a)     to employ any device, scheme, or artifice to defraud;



(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate

as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently barred from participating in an offering of penny stock, including engaging in

activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting

to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a

price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R.

§ 240.3a51-1].

## III.

Upon motion of the Commission, the Court shall determine whether it is appropriate to

order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 21(d)(3) of the

Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil

penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated

from January 31, 2018, based on the rate of interest used by the Internal Revenue Service for the

underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the

Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____7/19/19_____

_____
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

BEAUFORT SECURITIES LTD. and
PANAYIOTIS KYRIACOU a/k/a PETER
KYRIACOU,

Defendants.

18-cv-01317 (JFB) (GRB)

## CONSENT OF DEFENDANT PANAYIOTIS KYRIACOU

1.      Defendant Panayiotis Kyriacou a/k/a Peter Kyriacou ("Defendant") acknowledges

having been served with the complaint in this action, enters a general appearance, and admits the

Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal

and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of

the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein,

which, among other things:

(a)     permanently restrains and enjoins Defendant from violation of Section 10(b)

of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C.

§ 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];

and

(b)     bars Defendant from participating in an offering of penny stock.

3.      Defendant agrees that, upon motion of the Commission, the Court shall determine

whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to

Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the

disgorgement and/or civil penalty. The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from January 31, 2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

2

8.      Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

3

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

4

13.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: __04/07/2019__                              _____

                                                   Peter Kyriacou

On __4TH July__, 2019, __PETER KYRIACOU__, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.



                              _____
                              Notary Public
                              Commission expires:

                    Jean-Paul da Costa NOTARY PUBLIC
                           Sherrards Solicitors LLP
                  1-3 Pemberton Row, London, EC4A 3BG England
                          My Comission Is For Life

5